# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 12, 2024

#94807-079
Mr. Mariano Benjamin Gutierrez-Munoz
FCI Victorville Medium II
P.O. Box 3850
Adelanto, CA 92301-0000

    No. 24-40708    USA v. Gutierrez-Munoz
                  USDC No. 7:22-CV-428

Dear Mr. Gutierrez-Munoz,

Before this appeal can proceed you must apply for a certificate of appealability (COA) to comply with 28 U.S.C. § 2253. If you wish to proceed, address your motion for COA to this court. Also send a separate brief supporting the motion. In the brief set forth the issues, clearly give supporting arguments. Your "motion for COA" and "brief in support" together may not exceed a total of 30 pages. You must file 2 legible copies within 40 days from the date of this letter. If you do not do so we will dismiss the appeal, see 5th Cir. R. 42. Note that 5th Cir. R. 31.4 and the Internal Operating Procedures following rules 27 and 31 provides the general sense of the court on the disposition of a variety of matters, which includes that except in the most extraordinary circumstances, the maximum extension for filing briefs is 30 days in criminal cases and 40 days in civil cases.

The district court denied you permission to appeal in forma pauperis. You need to: (1) pay the $605.00 appellate docketing fee for filing the notice of appeal to the district court; or (2) file a motion requesting permission to appeal in forma pauperis. Attach to the motion the affidavit required by Fed. R. App. P. 24. You must file your request to appeal in forma pauperis by the date set for filing your brief. If you do not file the request by that date, or if you do not receive an extension of time from this court, you cannot proceed without paying costs. We will dismiss your appeal if you fail to pay the fees or to request permission to proceed in forma pauperis within 30 days.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign

government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

<u>Reminder as to Sealing Documents on Appeal:</u>  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket.  Counsel moving to seal matters must explain in particularity the necessity for sealing in our court.  Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.  It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary.  An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Roeshawn Johnson, Deputy Clerk
504-310-7998

cc:  Ms. Carmen Castillo Mitchell

Case No. 24-40708

United States of America,

    Plaintiff - Appellee

v.

Mariano Benjamin Gutierrez-Munoz,

    Defendant - Appellant